

DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-6418

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:13-cr-00241-APG-VCF |
| vs. | **Stipulation for a Protective Order** |
| JEREMY HALGAT, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the public, or any third party not directly related to this case, any discovery documents, reports, or items pertaining to the cellphone that was utilized by the undercover agent (UC) during the investigation that resulted in the instant prosecution.

The parties state as follows:

1.  That counsel for defendant JEREMY HALGAT, Melanie Hill, Esq., requested forensic evaluation of the UC agent's undercover cellphone, and filed a motion to compel the same. *See* Doc. #39. The United States responded in opposition to defendant's motion. Doc. # 45. On April 22, 2014, Magistrate Judge Cam Ferenbach issued an Order granting defendant's motion to compel the UC's cellphone for forensic evaluation, amongst other items. Doc. # 70. The United States is appealing the Order. However, in filing its appeal, the United States agreed it would provide the UC's cellphone for forensic evaluation by the defendant pursuant to a protective order.

1

2. The United States will set up time and place for defendant to conduct its forensic evaluation of the UC's Cell Phone (hereinafter "the Protected Item"). The United States and the defendant agreed that the evaluation will take place at a mutually agreed upon time and place. Further, the defendant has no objection to a representative from the United States being present for the defendant's evaluation. The representative from the United States will bring the Protected Item to the evaluation, and subsequently return the Protected Item to impound upon the conclusion of the evaluation.

3. The United States has significant interested in maintaining the Protected Item for two main reasons. First, it is original evidence. Second, it contains a significant amount of information unrelated to defendant Jeremy Halgat. It also contains personal contact information including but not limited to phone numbers and emails, as well as personal communications of other individuals and defendants that are not charged in the instant case. Redacting the personal information contained in the Protected Item is impossible as it would result in the destruction of evidence.

5. The United States may use some of the Protected Item in its case-in-chief at trial. Unless ordered otherwise by the Court, it intends to offer them into evidence in their unredacted format. Accordingly, the United States is willing to produce the Protected Item for further evaluation. The defendant already has an electronic report of the items contained on the Protected Item, and the parties previously entered into a protective order agreed to non-disclosure of that electronic report. *See* Doc. #42.

6. In order to protect the personal information contain on the Protected Item, the parties intend to restrict access to the Protected Item to the following individuals: the defendants, attorneys

…

…

…

for the parties, and any personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

7. Without leave of Court, the Covered Individuals *shall not*:

   a. make copies for, or allow copies of any kind to be made by any other person of the Protected Item;

   b. allow any other person to read the Protected Item;

   c. disseminate information contained on the Protected Item; and

   d. use Protected Item for any other purpose other than preparing to defend against the charges in the Indictment or any further superseding indictment arising out of this case.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the relevant parts of the Protected Item as evidence at trial.

9. The defendant shall not disclose the results of any evaluation to any person, with the exception of the Government or the Court, without further order of the Court. This Protective Order does not relieve the defendant of its obligations to produce the results of the evaluation pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

10. Upon conclusion of the forensic evaluation, the defendant, his attorney, and/or the individual conducting the forensic evaluation, shall immediately return to the United States the Protected Item.

...

...

...

3

11. The defense hereby stipulates to this Protective Order.

Respectfully submitted,
For the United States:

DANIEL G. BOGDEN
United States Attorney

//s//
CRISTINA D. SILVA
ANDREW W. DUNCAN
Assistant United States Attorneys

For the Defense:

//s//
MELANIE HILL, Esq.
Attorney for JEREMY HALGAT

**IT IS SO ORDERED:**

_____
HON. CAM FERENBACH
United States Magistrate Jude

August 19, 2014
_____
Date

4