1  MELANIE A. HILL, ESQ.
   NV Bar # 8796
2  Law Office of Melanie Hill
   9345 W. Sunset Road, Suite 100
3  Las Vegas, Nevada 89148
   Tel:  (702) 362-9500
4  Fax: (702) 362-8505
   Melanie@MelanieHillLaw.com
5  Attorney for Defendant Jeremy Halgat

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10 UNITED STATES OF AMERICA,          | CASE NO.: 2:13-CR-00239-JAD-PAL
                                       | CASE NO.: 2-13-CR-00241-APG-VCF-2
11              Plaintiff,
                                       | **Joint Pre-Evidentiary Hearing Brief**
12      vs.
                                       | **and**
13 JEREMY HALGAT, and
   ANTHONY McCALL,                     | **Defendants Halgat and McCall's Request
14                                     | for Joint Pre-Evidentiary Hearing Status
                Defendants.            | Conference to Resolve Objections**
15
                                       | Joint Evidentiary Hearing Date:
16                                     | November 5-7, 13, 2014

17                                     | Joint Evidentiary Hearing Time: 9:00am

18        Defendant, Jeremy Halgat, by and through his appointed counsel, Melanie A. Hill,

19 Defendant Anthony McCall, by and through his appointed counsel, Craig W. Drummond, and

20 Plaintiff, United States of America, by and through its counsel Assistant United States Attorneys

21 Cristina D. Silva and Andrew W. Duncan, hereby file this Joint Pre-Evidentiary Hearing Brief in

22 anticipation of the Joint Evidentiary Hearing set to commence on November 5, 6, 7, and 13.

23        Defendants Halgat and McCall also request that the Court in both cases set a Joint Pre-

24 Evidentiary Hearing Status Conference to resolve evidentiary objections and other objections lodged

25 in this brief.  Counsel for the United States does not believe that a Joint Pre-Evidentiary Hearing

26 Status Conference is necessary.

LAW OFFICE OF MELANIE HILL
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

The parties met and conferred on October 17, 2014 and attempted to resolve as many issues as possible prior to the filing of this brief.  Counsel for both Defendant Halgat and McCall proposed stipulating to a statement of undisputed facts to streamline the presentation of evidence at the Joint Evidentiary Hearing and asserts that a stipulated statement of disputed facts would streamline the Joint Evidentiary Hearing.  A copy of the proposed undisputed facts was not provided to the United States for review because the discussion regarding proposed undisputed facts resulted in no agreements.  Additionally, based on these conversations it appeared that the parties would not reach an agreement regarding certain undisputed facts.

Counsel for the United States asserts that the parties should stand by the facts included in their briefs, and/or introduced during the evidentiary hearing.  Any contested issues of fact can be addressed accordingly during the hearing.

I.      **WITNESSES**

   a.  **Defendant Halgat**

        i.   ATF Task Force Officer Agostino Brancato
        ii.  ATF Special Agent Matthew Wear
        iii. ATF Task Force Officer David Arboreen
        iv.  Expert Witness Barry Dickey

Defendant Halgat reserves the right to add additional witnesses on rebuttal, or for impeachment, if necessary.

   b.  **Defendant McCall**

        i.   ATF Task Force Officer Agostino Brancato
        ii.  ATF Special Agent Matthew Wear
        iii. Expert Witness Barry Dickey

Defendant McCall reserves the right to add additional witnesses on rebuttal, or for impeachment, if necessary.

   c.  **Plaintiff United States of America**

        i.   C.S., a civilian
        ii.  Special Agent in Charge Thomas Chittum
        iii. ATF Special Agent John Carr
        iv.  ATF Task Force Officer Agostino Brancato (if needed)

LAW OFFICE OF MELANIE HILL
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

v.   ATF Special Agent Matthew Wear – Case Agent (if needed)
vi.  ATF Task Force Officer David Arboreen – Case Agent (if needed)

The United States reserves the right to add additional witnesses if necessary.

## II.   EXHIBITS

### a.   Defendant Halgat

i.   <u>See</u> Defendant Halgat's exhibit list attached hereto.

Defendant Halgat reserves the right to supplement his exhibit list prior to and during the hearing and for any rebuttal and impeachment, if necessary.

### b.   Defendant McCall

i.   Vagos Motorcycle Club Bylaws
ii.  March 2, 2013 Report of Investigation # 222

Defendant McCall reserves the right to supplement his exhibit list prior to and during the hearing and for any rebuttal and impeachment, if necessary.

### c.   Plaintiff United States of America

i.    Photos from state search warrant at Carr/Halgat's residence on 6/7/12
ii.   Audio file 14Jul2012_061552
iii.  Video from 130208-2840
iv.   Video from 130222-3697
v.    Video from 130302-1379
vi.   Airstrip video frames from back of Undercover truck
vii.  Video that Undercover was wearing during airstrip operation
viii. Pictures from Search Warrant at Halgat's Residence
ix.   Pictures of Search Warrant at McCall's Residence
x.    Vagos Motorcycle Club Bylaws

The United States reserves the right to supplement its exhibit list if necessary.

## III.   AUDIO/SURVEILLANCE VIDEO AND TRANSCRIPTS

### a.   Defendant Halgat

i.    August 10, 2012 audio file/transcript
ii.   September 19, 2012 audio file/transcript [CCR_0001]
iii.  October 11, 2012 audio file/transcript
iv.   October 12, 2012 audio file/transcript
v.    October 26, 2012 audio file/transcript
vi.   November 15, 2012 audio file/transcript
vii.  February 22, 2013 audio file/transcript [22Feb2013_015701 and 22Feb2013_085855.wav]

Law Office of Melanie Hill
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

viii.   February 22, 2013 surveillance video at undercover residence/relevant portions of transcript [130222-3697]

ix.   March 2, 2013 audio file/transcript [02Mar2013_092021]

x.   March 2, 2013 video at airstrip/transcript

Defendant Halgat reserves the right to supplement his audio/video surveillance and transcript list prior to or during the hearing if necessary.

### b. Defendant McCall

i.   November 15, 2012 audio file/transcript

ii.   February 8, 2013 surveillance video at undercover residence/relevant portions of transcript

iii.   March 2, 2013 audio file/transcript [02Mar2013_092021]

iv.   March 2, 2013 video at airstrip/transcript

Defendant McCall reserves the right to supplement his audio/video surveillance and transcript list prior to or during the hearing if necessary.

### c. Plaintiff United States of America

i.   July 5, 2012 audio file/transcript

ii.   August 10, 2012 audio file/transcript

The United States reserves the right to supplement its audio/video surveillance and transcript list prior to or during the hearing if necessary.

## IV.   OBJECTIONS TO WITNESSES

### a. Defendants' Objections

Defendants Halgat and McCall object to the following witnesses on the United States' witness list:

i.   CS, a civilian

Defendants Halgat and McCall object to this "expert" witness and request a <u>Daubert</u> hearing to determine if this witness is qualified to offer any "expert" testimony at the Joint Evidentiary Hearing regarding any of the conclusions in the whitepaper entitled, "Live Audio Streaming over Wireless IP Networks using User Datagram Protocol – The Effect of Packet Loss" pursuant to Federal Rule of Evidence ("FRE") 702.  Defendants also object to this witness as a lay opinion witness under FRE 701 because subsection (c) provides that "If a witness is not testifying as an

LAW OFFICE OF MELANIE HILL
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

4

LAW OFFICE OF MELANIE HILL
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

expert, testimony in the form of an opinion is limited to one that is (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). The Opinions in the whitepaper are based on technical or other specialized knowledge.

Defendants also object to the timing and substance of the disclosure of CS. CS was not disclosed as a witness until Friday, October 17, 2014 although Defendants requested his name, any report, and his curriculum vitae be produced on July 21, 2014, in Mr. Halgat's Reply dated July 23, 2014, and again at the Joint Status Conference on September 30, 2014,[1] the day the Joint Evidentiary Hearing was scheduled. Additionally, the United States has not provided the Defendants with a summary of the materials CS reviewed as requested. Instead, all that has been produced is a whitepaper purportedly prepared by CS that states that it was authored by "ST" that was attached to the Government's Response to Defendant's motion to dismiss.

Additionally, counsel for the United States has informed counsel for Mr. Halgat: "The Government has not qualified him as an expert. He is an employee of the software company." These are additional reasons why CS should not be allowed to testify in any capacity in this case as he is not a percipient witness, he is not being offered up as an expert, and testimony the Government intends to elicit is prohibited by FRE 701(c).

ii.   ATF Special Agent John Carr

Defendants Halgat and McCall provide similar objections to this "expert" witness because he is not a percipient witness to Operation Pure Luck and was untimely noticed as an expert twelve (12) days prior to the evidentiary hearing instead of thirty (30) days as required under the JDA in each of these cases. JDA [Dkt 21 in case no. 2:13-cr-00241-APG-VCF and Dkt 33 in case no. 2:13-cr-00239-JAD-PAL, Section C.] Additionally, the Government never relied on the testimony of

---

[1] Defendant Halgat also requested this information by email on October 7, 2014 and at the meet and confer on October 16, 2014. On September 30, 2014, Defendant Halgat first requested that the meet and confer be scheduled as soon as possible and followed up numerous times on the scheduling by email. On the evening of October 14, 2014, the counsel for the United States stated that they were available for a meet and confer on October 16, 2014 and the meet and confer occurred that afternoon.

LAW OFFICE OF MELANIE HILL
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

Agent Carr in its Response to the defendants' motions to dismiss.  Defendant Halgat raised this issue in both his Reply in support of his motion to dismiss in the 239 case and his response to the Government's Objections in the 241 case.  Instead of immediately noticing up Agent Carr, or relying on him in its pleadings, the Government is now attempting to support its assertions regarding the Vagos by attempting to introduce untimely expert testimony.

Agent Carr is not a percipient witness and was not involved in Operation Pure Luck in any capacity.  The United States informed counsel tonight, October 27, 2014, that it intends to call Agent Carr "to testify regarding the structure of the Vagos and provide background on outlaw motorcycle gangs."  This notice also does not meet the requirements of Rule 16 because it is not a sum and substance of Agent Carr's testimony under FRE 702, 703 and 705.  The 2000 advisory committee notes to FRE 701 provide as follows:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190 (3d Cir. 1995). By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson. See Joseph, Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony," and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process"). See also United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents testifying that the defendant's conduct was consistent with that of a drug trafficker could not testify as lay witnesses; to permit such testimony under Rule 701 "subverts the requirements of Federal Rule of Criminal Procedure 16 (a)(1)(E)").
>
> The amendment does not distinguish between expert and lay witnesses, but rather between expert and lay testimony. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. See, e.g., United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents could testify that the defendant was acting suspiciously, without being qualified as experts; however, the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices). The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge

within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.

Fed. R. Evid. 701, Advisory Committee Notes on Rules – 2000 Amendment.  The distinction drawn by the Federal Rules of Evidence lies along the nature of the testimony (whether lay or expert) not the nature of the witness.  Id.

Agent Carr's curriculum vitae states as follows:

During the last seventeen years, one of my primary duties has been the investigation of criminal activity by outlaw motorcycle gang members. I have been the case agent on five separate investigations of outlaw motorcycle gangs. As part of these investigations, I have utilized confidential informants and undercover agents who became and were members of outlaw motorcycle gangs. I have also interviewed motorcycle gang members, ex-gang members, their wives, girlfriends, and associates. I have conducted numerous hours of undercover activity with outlaw motorcycle gang members, and have successfully performed undercover operations with two separate documented outlaw motorcycle gangs to include becoming a "full patched" member of an outlaw motorcycle gang and operating in an undercover capacity for a period of three years. In addition, I have instructed at and attended national and international seminars regarding outlaw motorcycle gangs.

Clearly from Agent Carr's curriculum vitae and through its own admission regarding the scope of Agent Carr's testimony, the United States intends to elicit expert testimony from Agent Carr.  It is also unclear what personal knowledge Agent Carr has regarding the structure of the Vagos because his curriculum vitae does not mention experience specific to the Vagos.

Defendant Halgat reserves the right to further object to Agent Carr's testimony after review of his curriculum vitae because he was just noticed up as a witness on Friday evening, October 24, 2014 and his curriculum vitae was just produced for the first time this afternoon.

**b. Plaintiff's Objections**

The United States has no objections to the defendants' proposed witness lists.  The United States will file separate responses to the Defendants' objections as the objections were provided to the Government just prior to the filing of this brief.

/ / /

/ / /

/ / /

Law Office of Melanie Hill
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

1

## V.   OBJECTIONS TO EXHIBITS

2

### a.  Defendants Halgat's Objections

3

Defendant Halgat objects to the following exhibits on the United States' exhibit list:

4

i.  Photos from state search warrant at Carr/Halgat's residence on 6/7/12

5

Defendant Halgat objects to the introduction of photos from a state search of Carr's

6

residence because they have never been timely produced in discovery, were not provided to the

7

Court in support of the United States' opposition to Mr. Halgat's Motion to Dismiss for Outrageous

8

Government Conduct, and counsel for Mr. Halgat does not have these photos or any other

9

information regarding the search or the state court action that Mr. Halgat was not a party to.

10

Defendant Halgat reserves the right to further object to this exhibit once it is actually produced and

11

counsel for Mr. Halgat has an opportunity to review the proposed exhibit.  Counsel for the United

12

States has indicated that this discovery will be produced on October 28, 2014.

13

### b.  Plaintiff's Objections

14

None.

15

## VI.   OBJECTIONS TO AUDIO/SURVEILLANCE VIDEO AND TRANSCRIPTS

16

### a.  Defendants' Objections

17

#### i.  Transcripts

18

While counsel for the Defendants do not agree with the content of the United States'

19

transcripts and contest the reliability of the transcripts as accurate, the Defendants do not oppose

20

either parties' use of transcripts as demonstrative aids during the course of the evidentiary hearing.

21

### b.  Plaintiff's Objections

22

#### i.  Transcripts

23

The United States has no objection to the use of transcripts by either party as demonstrative

24

aids during the course of the evidentiary hearing. As outlined in the briefs, the Government disputes

25

the accuracy of defendants' transcripts.  The transcripts are not substantive evidence and should not

26

Law Office of Melanie Hill
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

be introduced or considered as such.  See United States v. Franco, 136 F.3d 662, 626 (9th Cir. 1998); see also Ninth Circuit Manual of Model Jury Instructions 2.7 (2010 ed.).

## VII.    EVIDENTIARY OBJECTIONS TO BE DETERMINED BEFORE JOINT EVIDENTIARY HEARING

### a.  Defendants' Evidentiary Hearing Objections

#### i.  Order in Limine re: Use of the Term "Gang" at Trial [Dkt 154 in case no. 2:13-cr-00239-JAD-PAL]

Defendants Halgat and McCall request that the Court enforce the in Limine Order precluding the parties from referencing the term "Gang" in testimony or exhibits when referring to the Vagos Motorcycle Club at the Joint Evidentiary Hearing.

#### ii.  Law Enforcement Privilege

Defendants Halgat and McCall request that the Court rule on whether or not the United States may assert the Law Enforcement Privilege at the Joint Evidentiary Hearing or in the litigation at this stage of the proceedings in both cases.

The law enforcement privilege was discussed Hemstreet v. Duncan as follows:

The federal investigatory or law enforcement privilege is not based on any statute, but is "rooted in common sense as well as common law," Black v. Sheraton Corp. of Am., 564 F.2d 531, 542 (DC Cir1977), and has been largely incorporated into the Freedom of Information Act ("FOIA"), 5 USC § 552(b)(7). FN2  It is designed "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re Dep't of Investigation of City of New York, 856 F.2d 481, 484 (2nd Cir1988). It bars disclosure of facts and is "based primarily on the harm to law enforcement efforts which might arise from public disclosure of ... investigatory files." Black, 564 F.2d at 541; see also, U.S. v. Winner, 641 F.2d 825, 831 (10th Cir 1981).

2007 WL 4287602 (D. Or. 2007).

This discussion of the law enforcement privilege supports that it is applicable during the investigation stages and should not be extended to allow the United States to refuse to provide the requested recording equipment and specifications of the recording devices while at the same time arguing that Mr. Dickey's expert report is not specific enough.  The United States' own response to

Law Office of Melanie Hill
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

Case 2:13-cr-00241-APG-VCF   Document 150   Filed 10/27/14   Page 10 of 11

LAW OFFICE OF MELANIE HILL
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505

Defendant Halgat's motion to dismiss concedes that it "recognizes that the privilege is usually held during on-going criminal investigations."[2]

The United States has only disclosed the name of the software company witness and the name of the software company under seal.  The United States continues to refuse to provide any information regarding the device recording software or the specifications on the software, applications, recording equipment used, phone recording app capabilities, etc (detailed in my Reply) citing the law enforcement privilege.  The Defendants are requesting that the Court in each case rule on this privilege prior to the Joint Evidentiary Hearing so that the United States cannot continue to assert this privilege and also Order that the United States provide this information so that CS can be properly cross-examined and the Defendants and their expert Barry Dickey can adequately testify at the hearing.

**b.  Plaintiff's Objections**

**i.  Order in Limine re: Use of the Term "Gang" at Trial [Dkt 154 in case no. 2:13-cr-00239-JAD-PAL]**

Defendant filed a motion in limine to exclude the use of the term "Gang" during the time of time. See 2:13-cr-239-JAD-PAL at Doc. #154.  The United States objects to being precluded from utilizing the term during the evidentiary hearing on defendants' motions.  There is no jury that may be prejudiced by the term. Further, for the purposes of the pending motions, the United States asserts that as it applies to the pending motions, the probative value far exceeds any alleged prejudicial value.  See Federal Rule of Evidence 403.

**ii.  Law Enforcement Privilege**

The United States will file a separate response to the Defendants' objections as the objections were provided to the Government just prior to the filing of this brief.

---

[2] The Government instead argues: "given that similar law enforcement techniques are utilized in an on-going basis with current investigations, disclosure of such information jeopardizes law enforcement personnel, those investigations, and the protection of any citizens involved in said investigations. Should the Court feel it necessary to obtain this information, the Government respectively requests it provide this information under seal for in camera review."  Government's Response [Dkt 191], p. 32, fn 17.

## VIII.   STIPULATIONS

None at this time.  The parties are still meeting and conferring to see if any stipulations regarding background facts relating to Operation Pure Luck can be reached.

DATED this 27th day of October, 2014.

LAW OFFICE OF MELANIE HILL

By: /s/ Melanie A. Hill
    Melanie A. Hill
    Attorney for Defendant Jeremy Halgat

DANIEL G. BOGDEN
UNITED STATES OF AMERICA

By: /s/ Cristina D. Silva
    Cristina D. Silva
    Attorney for United States of America

DRUMMOND LAW FIRM, P.C.

By: /s/ Craig W. Drummond
    Craig W. Drummond
    Attorney for Defendant Anthony McCall

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2014, I electronically filed the parties **Joint Pre-Evidentiary Hearing Brief and Defendants Halgat and McCall's Request for Joint Pre-Evidentiary Hearing Status Conference to Resolve Objections** with the Clerk of Court using the CM/ECF system, which will cause the document to be served upon the following counsel of record:

| | |
|---|---|
| Andrew W. Duncan | andrew.duncan@usdoj.gov, melissa.dunlap@usdoj.gov |
| Melanie A. Hill | Melanie@MelanieHillLaw.com, kristinsmith23@gmail.com, tom@melaniehilllaw.com |
| Jess R. Marchese | marcheselaw@msn.com |
| Cristina D. Silva | cristina.silva@usdoj.gov, norma.vizcarra2@usdoj.gov |
| Craig W. Drummond | craig@drummondfirm.com, april@drummondfirm.com, tess@drummondfirm.com |
| Monique N. Kirtley | Monique_Kirtley@fd.org, nancy_vasquez@fd.org |

/s/ Melanie A. Hill
An Employee of Law Office of Melanie Hill

LAW OFFICE OF MELANIE HILL
9345 W. Sunset Road, Suite 100 • Las Vegas, NV 89148
Tel: (702) 362-8500 • Fax: (702) 362-8505