UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JEREMY HALGAT, et al.,<br><br>        Defendants. | Case No. 2:13-CR-00241-APG-VCF<br><br>**ORDER**<br><br>(Dkt. ##38, 39, 70, 76) |

Defendant Jeremy Halgat moved to compel production of (1) the case file of the Government's confidential informant ("CI") and (2) the cell phones used by the undercover officer ("UC") and the CI. (Dkt. ##38, 39.)  During the hearing on the motions before Magistrate Judge Ferenbach, Halgat orally moved to compel the Government to produce the cell phone and cell phone records of two other ATF agents (Ware and Arboreen) who were working with the UC on the investigation. (Dkt. #70 at 4:3-5.)  Judge Ferenbach granted the motions and required the Government to produce the requested information and tangible items. (Dkt. #70.)  The Government appealed that ruling. (Dkt. #76.)

The Supreme Court has long recognized the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citations omitted).  Judge Ferenbach correctly points out that this privilege is not unlimited. "[O]nce the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." *Id.* at 60.  Halgat knows the identity of the confidential informant.[1]  Thus, the privilege no longer applies.

---

[1] At the hearing on the motion, Halgat submitted to me in writing the name of the person he believes is the CI, which I reviewed *in camera*. The name matches the name the Government likewise submitted to me for *in camera* inspection. Thus, Halgat knows the name of the CI.

This does not end the inquiry. As Judge Ferenbach correctly points out, "there is no constitutional right to discovery in criminal matters." (Dkt. #70 at 4.) Discovery is governed by Federal Rule of Criminal Procedure 16, the Jencks Act, and the line of cases beginning with *Brady v. Maryland*, 373 U.S. 83 (1963). Unless Halgat can demonstrate a right to discovery under one of those sources, he is not entitled to the material.

After Judge Ferenbach entered his Order and the parties briefed their positions on this appeal, I conducted an evidentiary hearing on Halgat's separate motion to dismiss for outrageous governmental conduct. (Dkt. ##157-159, 179.) During that hearing, information was disclosed regarding the use of cell phones during the investigation, and whether recordings were subsequently deleted. Judge Ferenbach's Order and the parties' subsequent brief were based, in part, on allegations made prior to that hearing. (Dkt. #70 at 10:16-20, 11:18-21; Dkt. #89 at 11:19-13:5.) Some of those allegations were refuted at the evidentiary hearing. Moreover, Judge Ferenbach's Order does not address in detail Halgat's request for production of the CI's cell phone.[2] Further briefing on these topics will help me determine whether Judge Ferenbach's findings are clearly erroneous. Local Rule IB 3-1(a).

The parties shall file supplemental briefs addressing: (1) why the CI's case file would have information required to be disclosed, (2) whether and why the cell phones used by the CI, the UC, and the ATF agents would have information required to be disclosed, (3) whether the UC's and ATF agents' phones were used to record conversations during the investigation, and (4) whether and how any conversations recorded on those cell phones were preserved and produced.

In the meantime, I will conduct an *in camera* review of the CI's case file (as described in footnote 4 of Judge Ferenbach's Order). (Dkt. #70 at 7, n. 4.) I have not yet decided whether the Government will be required to disclose any portion of that file to Halgat. However, in order to avoid further delay, I will review that file while the parties are preparing their supplemental briefs.

---

[2] During the hearing on these motions, both parties agreed that I should resolve the issue of production of the CI's cell phone.

**IT IS HEREBY ORDERED** that Halgat shall file a supplemental brief in support of his motions to compel by October 20, 2015. The Government shall file its responsive brief by November 3, 2015.

IT IS FURTHER ORDERED that the Government shall deliver the CI's file to my chambers for an *in camera* inspection by October 13, 2015.

Dated this 6th day of October, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE