1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-CR-00241-APG-VCF |
| Plaintiff, | **ORDER REVERSING MAGISTRATE JUDGE ORDER** |
| v. | (ECF No. 76) |
| JEREMY HALGAT, *et al.*, | |
| Defendants. | |

Magistrate Judge Ferenbach ordered the Government to produce its file of the Confidential Informant ("CI") and the cell phones used by the CI, the Undercover Agent, and the Case Agents. ECF No. 70.  The Government appealed that order. ECF No. 76.  While that appeal was pending, I conducted an evidentiary hearing on Halgat's motion to dismiss for outrageous government conduct. ECF Nos. 157-159.  During that hearing, evidence came to light affecting the issues addressed in Judge Ferenbach's Order.  Based on this new evidence, some of the factual underpinnings of Judge Ferenbach's Order are now revealed to be clearly erroneous. LR IB 3-1(a).  Thus, I reverse Judge Ferenbach's Order.

**I.     The CI's File**

I previously ruled that the Government's privilege to withhold the CI's identity does not apply because Halgat knows the CI's identity. ECF No. 199 (citing *Roviaro v. United States*, 353 U.S. 53, 59-60 (1957)).  But just because the information is not privileged does not mean the Government is obligated to produce it.  Discovery is governed by Federal Rule of Criminal Procedure 16, the Jencks Act (18 U.S.C. § 3500), and the line of cases beginning with *Brady v. Maryland*, 373 U.S. 83 (1963).  Unless Halgat can demonstrate a right to discovery under one of those sources, he is not entitled to the material.

The CI was not involved in any of the drug transactions that gave rise to the indictment.  The Government does not intend to call the CI as a trial witness.  Therefore, the Jencks Act does

1    not apply. 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2.  If the Government calls the CI as a witness,

2    then production of the CI's file may be required under the Jencks Act and *Giglio v. United States*,

3    405 U.S. 150 (1972) because some of the information contained in the file may have

4    impeachment value.

5         Halgat contends that the CI file is nonetheless material to his effort to prove he was

6    entrapped, and thus must be produced under *Brady* and Rule 16.  He speculates that the CI file

7    contains information about the CI's contacts with the Undercover Agent and with Halgat that will

8    show that Halgat was not predisposed to commit crimes.  "The burden of proof is on the

9    defendants to show need for the disclosure. . . . The mere suspicion that information will prove

10   helpful is insufficient to require disclosure." *United States v. Sai Keung Wong*, 886 F.2d 252,

11   255–57 (9th Cir. 1989 (citations omitted)).

12        I conducted an *in camera* review of the CI file.  Contrary to Halgat's speculation, it does

13   not contain information about contacts between Halgat and the CI, and it does not reference the

14   February 2011 road trip to Mexico that is referenced in ROI 16 (ECF No. 38-1), which Halgat

15   contends would support his entrapment theory.  Indeed the file contains no references to Halgat.

16   The file does not contain material evidence that must be produced under *Brady* or Rule 16.

17   Moreover, Halgat fails to rebut the Government's contention that several other witnesses were on

18   the same trip to Mexico and presumably could testify that Halgat did not partake in criminal

19   activity.  Halgat offers no evidence suggesting that the CI was the only percipient witness to any

20   critical event.  Thus any potential testimony appears to be cumulative or insignificant. *Sai Keung*

21   *Wong*, 886 F.2d at 256.

22        Finally, Halgat contends that the Government has an obligation to produce the CI for an

23   interview under *United States v. Montgomery*, 998 F.2d 1468 (9th Cir. 1993).  But the informant

24   in *Montgomery* was actively involved in the drug transactions underlying the indictment, and the

25   Government did not challenge the district court's order requiring production of the informant. *Id.*

26   at 1470-71, 1473.  Here, by contrast, the Government opposes production of the CI because the

27   CI was not involved in any of the events underlying the indictment.  Halgat has not shown that

28

the Government has a duty to make the CI available for an interview. *Id.* at 1473 ("the government bears the burden of proving the reasonableness of its efforts *once it is shown that the government was under a duty to produce*" (emphasis added)).

For the foregoing reasons, Halgat's motion to compel production of the CI file is denied. The Government is not required to produce the CI's file at this time. Should the Government decide to call the CI as a witness, it may be required to produce the file under the Jencks Act or *Giglio*.

## II.   **The CI's Cell Phone**

Because the CI was not involved in the drug transactions giving rise to the indictment, it is difficult to see how his cell phone could contain material information. Moreover, Halgat has failed to rebut the Government's assertion that the CI's phone was not equipped for or used to record phone calls, conversations, or other recordings. ECF Nos. 210 at 8:18-9:2; 210-6 at 3. Thus, it would not have recorded any relevant conversations. Further, the Government now reports that the CI's cell phone cannot be located. ECF No. 210 at 9:3-12. Thus, I cannot order the production of the phone. There is no pending motion to address Halgat's allegation of spoliation. Thus, this portion of the motion to compel production is denied as moot.

## III.   **Brancato's Cell Phone**

The Government did not appeal the portion of Magistrate Judge Ferenbach's Order requiring the production of the Undercover Agent's cell phone. ECF No. 76 at 1, n. 1. Halgat admits that the phone was made available to his counsel and a retained expert for forensic inspection. ECF Nos. 210 at 6:2-5; 215 at 16:1-3. Halgat has not sufficiently explained why it must be produced again. This portion of the motion to compel is denied as moot.

## IV.   **Case Agents' Cell Phones**

Halgat seeks to inspect the cell phones for the Case Agents that worked with the Undercover Agent on this case. Neither of the agents communicated with Halgat during the investigation. ECF Nos. 210-6 at 3; 210-7 at 3. Halgat has failed to rebut the Government's assertion that these phones were not equipped for or used to record phone calls, conversations, or

other recordings associated with the device. ECF Nos. 210-6 at 2-3; 210-7 at 2-3.  I take the Government's representation to mean that these devices also did not preserve any text messages or other communications between the Undercover Agent and the Case Agents.  Nevertheless, out of an abundance of caution, the Government is ordered to investigate whether those phones contain any material that must be produced. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.").  Should that investigation reveal exculpatory or other material that must be produced pursuant to *Brady*, Rule 16, or any other authority, production must occur forthwith.

## V.      Conclusion

**IT IS HEREBY ORDERED** that the Government's appeal **(ECF No. 76) is GRANTED,** Magistrate Judge Ferenbach's Order (ECF No. 70) is REVERSED, and Halgat's motions to compel (ECF Nos. 38, 39) are DENIED.

**IT IS FURTHER ORDERED** that, within 30 days of entry of this Order, the Government shall investigate whether the Case Agents' phones contain any exculpatory or other material that must be produced pursuant to *Brady*, Federal Rule of Criminal Procedure 16, or any other authority.  Should such material exist, it must be produced forthwith.

Dated this 30th day of August, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE